UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATILDA WEBB, | No. 2:16-cv-1541-TLN-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| UNITED STATES POSTAL SERVICE, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

INTRODUCTION

Presently pending before the court is defendants United States Postal Service and the United States of America's motion to dismiss the action for lack of subject matter jurisdiction. (ECF No. 4.) Plaintiff Matilda Webb, who proceeds without counsel,[1] has opposed the motion (ECF Nos. 10, 12), and defendants filed a reply brief. (ECF No. 13.)[2] After carefully considering the parties' written briefing, the court's record, and the applicable law, the court recommends that defendants' motion be GRANTED and that the action be DISMISSED for lack of subject matter jurisdiction.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

[2] Pursuant to Local Rule 230(g), the motion was thereafter submitted for decision without oral argument on the record and written briefing. (ECF No. 14.)

BACKGROUND

Because defendants' present motion does not challenge the merits of plaintiff's substantive claims, the court only briefly outlines the background facts, whether disputed or undisputed, as necessary to understand the factual backdrop for defendants' jurisdictional arguments.

In 2009, plaintiff Matilda Webb, through her business Webb Resources, entered into a contract with the United States Postal Service ("USPS") to provide rural route carrier services. Plaintiff alleges that, on two separate occasions (October 25, 2013, and October 24, 2014), shots were fired at plaintiff's vehicle while delivering mail, causing physical damage to her rental vehicle and psychological damage to plaintiff. According to plaintiff, the postmaster failed to warn plaintiff of hunting excursions along the route, placing plaintiff in danger of serious injury or death. Thereafter, in December 2014, plaintiff's contract was suspended and ultimately terminated based on various alleged service irregularities such as misdeliveries, failure to follow directions, and failure to adhere to the schedule. Plaintiff strongly disputes the alleged irregularities, claiming that the postmaster had no interest in ensuring plaintiff's success on the particular route. (See generally ECF No. 1-1 & Exs. A-E.)

Subsequently, on January 8, 2016, plaintiff filed an action in the Solano County Superior Court raising: (1) a contract claim based on the USPS's termination of plaintiff's contract, for which plaintiff seeks $20,500 in financial damages and an order quashing the $5,172.69 in fees assessed by the USPS related to that contract; and (2) a tort claim based on harm plaintiff allegedly suffered as a result of the above-mentioned shootings, for which plaintiff seeks a total of $50,000 in pain and suffering damages for herself and her assistant as well as payment for 5 years of psychological services for herself and her assistant. (See ECF No. 1-1 at 2-8.) On July 6, 2016, defendants removed the action to this court. (ECF No. 1.) The instant motion to dismiss for lack of subject matter jurisdiction followed. (ECF No. 4.)

DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be

2

presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted and internal punctuation modified).[3] Furthermore, as the Ninth Circuit Court of Appeals observed, "[s]overeign immunity is an important limitation on the subject matter jurisdiction of federal courts. The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity. The Supreme Court has frequently held that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (internal citations omitted and internal punctuation modified).

With the above principles in mind, the court addresses the court's potential jurisdiction over each of plaintiff's claims separately below.

Contract Claim

Defendants argue that the court lacks subject matter jurisdiction over plaintiff's contract claim, because the dispute involves a procurement contract for services and can only be heard before the Postal Service Board of Contract Appeals or in the Court of Federal Claims. That argument has merit.

The Contract Disputes Act ("CDA") generally governs procurement contracts with the federal government, including contracts for services such as plaintiff's contract to provide rural carrier services for the USPS. See 41 U.S.C. § 7102(a)(2); 39 C.F.R. § 601.109 (USPS regulation implementing the CDA). In this case, the contract itself also expressly provides that it is governed by the CDA. (See Declaration of Howard E. Bruner, ECF No. 4-2 ["Bruner Decl."] ¶ 2, Ex. A [Contract, Section C.3.4. at p. 18].) Significantly, it is well established that a party to a

---

[3] Where, as in this motion, a defendant launches a factual attack on subject matter jurisdiction, plaintiff's allegations are not presumed true, disputed material facts do not preclude the court from evaluating for itself the merits of the jurisdictional claims, and the plaintiff has the burden of proof that jurisdiction does in fact exist. See Thornhill Publ'g. Co. v. Gen. Tel. & Elects. Corp., 594 F.2d 730, 733 (9th Cir. 1979); see also Savage v. Glendale Union High School, 343 F.3d 1036, 1039-40 n.2 (9th Cir. 2003) ("Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.").

contract governed by the CDA cannot bring its contractual dispute before a United States District Court, but must appeal to the Postal Service Board of Contract Appeals or bring an action in the Court of Federal Claims.  Tritz v. United States Postal Serv., 721 F.3d 1133, 1139 (9th Cir. 2013).  Indeed, in this case, plaintiff has already elected to appeal the contractual dispute to the Postal Service Board of Contract Appeals, where the matter remains pending.  (Bruner Decl. ¶ 3.)  In her opposition, plaintiff does not appear to dispute that this court lacks subject matter jurisdiction over the contract claim and instead requests that the court permit her appeal before the Postal Service Board of Contract Appeals to continue.  (ECF No. 10 at 2.)

Therefore, the court recommends that plaintiff's contract claim in this action be dismissed for lack of subject matter jurisdiction.

Tort Claim

As noted above, plaintiff also asserts some type of tort claim against defendants arising from the shootings that allegedly took place on plaintiff's mail route.  Defendants correctly note that the United States is the only proper defendant for that claim.  See FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998) (noting that the Federal Tort Claims Act ("FTCA") is "the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States.  Although such claims can arise from the acts or omissions of United States agencies, an agency itself cannot be sued under the FTCA.").

However, more fundamentally, defendants contend that the court lacks subject matter jurisdiction over plaintiff's tort claim, because plaintiff failed to exhaust her administrative remedies.  For the reasons discussed below, the court agrees.

As the Ninth Circuit has explained, the FTCA:

> waives the sovereign immunity of the United States for certain torts committed by federal employees under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  The Act provides that an "action shall not be instituted upon a claim against the United States for money damages" unless the claimant has first exhausted administrative remedies. 28 U.S.C. § 2675(a).
>
> We have repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted strictly:  This is

> particularly so since the Act waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States. Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court. It admits of no exceptions. Given the clarity of the statutory language, we cannot enlarge that consent to be sued which the Government, through Congress, has undertaken so carefully to limit. We are not allowed to proceed in the absence of fulfillment of the conditions merely because dismissal would visit a harsh result upon the plaintiff. With regard to the exhaustion requirement, the Supreme Court has stated that in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of even-handed administration of the law.

Vacek, 447 F.3d at 1250 (internal citations omitted and internal punctuation modified).

More specifically, to exhaust administrative remedies, a plaintiff is required to present an administrative tort claim to the appropriate federal agency. 28 U.S.C. § 2675(a). "A claim is deemed presented for purposes of § 2675(a) when a party files (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Blair v. I.R.S., 304 F.3d 861, 864 (9th Cir. 2002). The claim is deemed presented when received by the agency. Vacek, 447 F.3d at 1251-52. An action in federal court "shall not be instituted" until the agency has issued a final denial in writing or until six months after the administrative tort claim is filed. 28 U.S.C. § 2675(a).

In her opposition to the present motion, plaintiff contends that Exhibits A, B, C, and E to her opposition comprise plaintiff's administrative tort claim. (ECF No. 10 at 3.) These exhibits contain numerous documents related to plaintiff's contract with the USPS, including the award of the contract, reports of alleged problems with plaintiff's performance under the contract, the USPS's decision to terminate the contract, and correspondence between plaintiff and the USPS concerning the contract and its termination, including plaintiff's appeal of the contract termination decision. (ECF No. 10, Exs. A-C, E.)

As an initial matter, although some of those documents reference the shootings that allegedly took place on plaintiff's mail route, the nature of the documents, and the fact that they were submitted as part of plaintiff's contract dispute (and not in accordance with the USPS's regulation pertaining to tort claims, see 39 C.F.R. § 912.4), render it highly unlikely that the USPS could have plausibly interpreted those documents as an administrative tort claim.

5

Nevertheless, even assuming, without deciding, that the documents could be broadly construed as an administrative tort claim, they did not satisfy the FTCA's administrative exhaustion requirement. Only two of the documents (a July 30, 2015 Notice of Appeal and Complaint on Appeal in the Postal Service Board of Contract Appeals case, and a September 22, 2015 Claim for Damages in that same case) even arguably referenced specific damages numbers.[4] See Blair, 304 F.3d at 868 (affirming dismissal of medical expenses claim in a FTCA action where plaintiff did not provide a sum certain of medical expenses, but instead stated that medical expenses were still being incurred and attached medical bills); Burns v. United States, 764 F.2d 722, 724 (9th Cir. 1985) ("The only document submitted by Burns, or on his behalf, to the V.A. which could arguably be called an administrative claim for money damages, is the letter written to Senator Baucus. While it might convincingly be asserted that this letter did not afford the V.A. sufficient notice of an imminent lawsuit to enable them to initiate their own investigation, we need not consider this contention because it is clear that nowhere in the letter is contained the requisite sum certain claim."). And even assuming that those documents presented a proper sum certain damages claim, plaintiff filed this lawsuit too early by filing it on January 8, 2016, before six months had elapsed. See Jerves v. United States, 966 F.2d 517, 519, 521 (9th Cir. 1992) ("A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made.").[5]

---

[4] In the July 30, 2015 Notice of Appeal and Complaint on Appeal, plaintiff sought $50,000.00 in pain and suffering damages for herself and her assistant, along with 5 years of psychological assistance for herself and her assistant at an unspecified cost. (ECF No. 10 at 14.) In the September 22, 2015 Claim for Damages, plaintiff sought various itemized damages, but stated that such damages resulted from the suspension and termination of the contract. (ECF No. 10 at 116-17 ("The aforementioned [damages], as a result of your decision, Mr. Bruner, to suspend (December 23, 2014) and consequent termination (effective December 26, 2014) this HCR 94567 Contract has caused irreparable harm both physically and financially [sic].))

[5] Notably, the USPS Contracting Officer's November 23, 2015 response to plaintiff's September 22, 2015 Claim for Damages was not a conclusive denial of any administrative tort claim. (ECF No. 10 at 126-27.) In that letter, the Contracting Officer merely stated that some of the damages

1     Consequently, plaintiff failed to properly exhaust her administrative remedies, and the
2 court thus lacks jurisdiction over plaintiff's tort claim.
3 CONCLUSION
4     For the reasons outlined above, plaintiff's claims are subject to dismissal.  Even though
5 the court ordinarily liberally grants *pro se* litigants leave to amend when it appears plausible that
6 pleading deficiencies could be cured, the jurisdictional defects at issue here are not capable of
7 correction through amendment.  As such, granting leave to amend would be futile.  See Cahill v.
8 Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).
9     Accordingly, IT IS HEREBY RECOMMENDED that:
10     1.  Defendants' motion to dismiss (ECF No. 4) be GRANTED.
11     2.  The action be DISMISSED for lack of subject matter jurisdiction.
12     3.  The Clerk of Court be directed to close this case.
13 In light of those recommendations, IT IS ALSO HEREBY ORDERED that:
14     1.  The November 17, 2016 status (pretrial scheduling) conference in this matter is
15         vacated, subject to rescheduling at a later juncture, if necessary.
16     2.  All pleading, discovery, and motion practice in this action are stayed pending
17         resolution of these findings and recommendations.  With the exception of objections to
18         the findings and recommendations, or non-frivolous motions for emergency relief, the
19         court will not entertain or respond to any motions or filings until the findings and
20         recommendations are resolved.
21     These findings and recommendations are submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
23 days after being served with these findings and recommendations, any party may file written
24 objections with the court and serve a copy on all parties.  Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

---

27 claimed appeared to be tort damages over which the Postal Service Board of Contract Appeals had no jurisdiction.  (Id.)  Nothing in the Contracting Officer's letter altered plaintiff's ability to
28 file a proper administrative tort claim through the appropriate channels.

shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  October 18, 2016

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE